IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DOUGLAS DYNAMICS, LLC,

                              Plaintiff,

    v.

BUYERS PRODUCTS COMPANY,

                              Defendants.

ORDER

09-cv-261-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

This is a civil lawsuit in which plaintiff Douglas Dynamics, LLC alleges that defendant Buyers Products Company is infringing five of plaintiff's patents relating to snow plows. Before the court are the parties' motions for construction of 16 relevant claim terms and for a court hearing. Dkt. ##16 & 45. The preliminary pretrial conference order, dkt. #11, addresses claims construction motions and provides as follows:

> It is the party's burden to persuade the court that construction of each specified term is necessary to resolve a disputed issue concerning infringement or invalidity. If the moving party wants a claims construction hearing, then it must request one, specify which terms require a hearing and provide grounds why a hearing actually is necessary for each specified term.

I am persuaded that construction of all 16 terms is necessary to resolve clearly disputed issues concerning infringement or invalidity. As the parties will notice in the list

1

of terms to be construed, I have shortened some of the "claim phrases" they provided to focus on what I understood to be the specific terms at issue and to make clear which terms will be construed. (In the event the parties were seeking to have every term in the proposed claim phrases construed, such a request would be denied because it would not comply with the court's preliminary pretrial conference order. Construing every term in the phrases provided by the parties would result in the construction of more than 16 terms, which would violate the 16-term limit. Dkt. #11 at 2.)

With respect to the parties' request for a claims construction hearing, neither party explains why a hearing is necessary for each specified term. Instead, each provides the general and vague statement that a hearing would "simplify the issues and conserve valuable court time[.]" Dkt. #16 at 3-4; #45 at 3. Without further explanation, such a statement does not persuade me that a hearing is necessary to resolve the parties' disputes. As defendant notes in its initial brief, "The technology at issue in this lawsuit is far from new or complex—it relates simply to snow plows." Dkt. #72 at 6. Moreover, the explanations and interpretations provided in the written briefs and their accompanying documents are understandable. Accordingly, although I will construe the 16 terms put forward by the parties, there will be no claims construction hearing; the terms will be construed using the parties' written submissions.

ORDER

IT IS ORDERED that

1. The following 16 terms will be construed by the court:

   a. With respect to United States Patent No. 4,999,935:

   - "means for mounting said plow blade" as used in claim 1;

   - "a hydraulic power unit" as used in claim 1;

   - "manifold connected to and mounted on said hydraulic power unit" as used in claim 1;

   - "means defining fluid flow passages in said manifold" as used in claim 1;

   b. With respect to United States Patent No. 5,420,480:

   - "switching means" as used in claims 7 and 18;

   - "switch" as used in claims 7 and 18;

   - "first switch means" as used in claims 1, 2, 9 and 16;

   - "coupling means" as used in claims 1, 2, 7, 9 and 16;

   - "second switch means" as used in claims 1, 2, 9 and 16;

   c. With respect to United States Patent No. RE 35,700:

   - "snowplow blade fixed to the A-frame" as used in claims 1, 38 and 45;

3

- "mounting means" as used in claims 1 and 38;

- "support frame" as used in claim 45;

d. With respect to United States Patent No. 5,353,530:

- "means for releasably connecting the lift frame to the mount frame" as used in claims 1 and 10;

- "a pair of spaced guides tapering in an outwardly direction" as used in claim 10;

- "means for pivotally connecting the rear end of the A-frame to the lift frame" as used in claim 10;

e. With respect to United States Patent No. 6,944,978:

- "generally parallel to the longitudinal axis" as used in claims 28, 53 and 57-59.

2. No claims construction hearing will be held; the terms listed above will be construed using the parties' written submissions.

Entered this 17th day of November, 2009.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge