IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DOUGLAS DYNAMICS, LLC, ) | |
| ) | |
| Plaintiff ) | |
| ) | CIVIL ACTION NO. 09-261 |
| v. ) | |
| ) | JURY TRIAL REQUESTED |
| BUYERS PRODUCTS COMPANY, ) | |
| ) | |
| Defendant ) | |

_____

**PLAINTIFF'S FIRST AMENDED COMPLAINT**
_____

Plaintiff, for its First Amended Complaint, alleges as follows:

THE PARTIES

1. Plaintiff, Douglas Dynamics, LLC ("Douglas Dynamics"), is a Delaware limited liability company having a place of business at 7777 North 73rd Street, Milwaukee, Wisconsin 53223.

2. Plaintiff, Douglas Dynamics, is the owner of all rights and titles to U.S. Patent Nos. 4,999,935; 5,353,530; RE 35,700; 5,420,480 and 6,944,978.

3. On information and belief, defendant, Buyers Products Company ("Buyers"), is an Ohio corporation having a business address at 9049 Tyler Boulevard, Mentor, Ohio 44060.

JURISDICTION AND VENUE

4. The defendant, Buyers, upon information and belief, has made, used, offered for sale and/or sold products that infringe or that contribute to the infringement of

- 1 -

plaintiffs' United States Letters Patents 4,999,935; 5,353,530; RE 35,700; 5,420,480 and 6,944,97, or has induced others to manufacture, use, sell and/or offer to sell infringing products in commerce, including without limitation, the State of Wisconsin (including the Western District), and continues to conduct this infringing activity.

5. Upon information and belief, defendant, Buyers, has been and is doing business in Wisconsin (including the Western District), operates within Wisconsin (including the Western District) with a fair measure of permanence and continuity; has purposefully availed itself of the privilege of conducting activities within Wisconsin (including the Western District); has established minimum contacts with Wisconsin (including the Western District), such that it should reasonably and fairly anticipate being hailed into Court in the Western District of Wisconsin; has purposefully directed its activities at residents of Wisconsin; and at least a portion of the patent infringement claim alleged herein arises out of or is related to one or more of the foregoing activities.

6. This action is brought under the Patent Laws of the United States, United States Code, Title 35 including, without limitation, Sections 271, 281, 283, 284 and 285, and venue and jurisdiction of this court is conferred by United States Code, Title 28, Sections 1338(a), 1391(c) and 1400(b).

7. Defendant, Buyers, is subject to the personal jurisdiction of this Court.

## STATEMENT OF FACTS

8. Douglas Dynamics, through its division, Western Products, manufactures and sells snowplows and related equipment for trucks and sport utility vehicles.

9. United States Letters Patent 4,999,935 entitled "Hydraulic System and Apparatus for Use With Vehicle Accessory Units" was issued on March 19, 1991, and has been assigned to plaintiff, Douglas Dynamics, who owns said Letters Patent. A copy of U.S. 4,999,935 is attached hereto as Exhibit A.

10. United States Letters Patent 5,353,530 entitled "Quick Mounting Snow Plow Assembly" was issued on October 11, 1994, and has been assigned to plaintiff, Douglas Dynamics, who owns said Letters Patent. A copy of U.S. 5,353,530 is attached hereto as Exhibit B.

11. United States Letters Patent RE 35,700 entitled "Removable Snow Plow Assembly With Pivotal Lift Stand" was reissued on December 30, 1997, and has been assigned to plaintiff, Douglas Dynamics, who owns said Letters Patent. A copy of U.S. RE 35,700 is attached hereto as Exhibit C.

12. United States Letters Patent 5,420,480 entitled "Automatic Head Lamp Switching System" was issued on May 30, 1995, and has been assigned to plaintiff, Douglas Dynamics, who owns said Letters Patent. A copy of U.S. 5,420,480 is attached hereto as Exhibit D.

13. United States Letters Patent 6,944,978 entitled "Snow Plow and Mount Assembly" was issued on September 20, 2005, and has been assigned to plaintiff, Douglas Dynamics, who owns said Letters Patent. A copy of U.S. 6,944,978 is attached hereto as Exhibit E.

14. Defendant, Buyers, manufactures and sells snowplows and related equipment for trucks and sport utility vehicles, including the "SnowDogg" line of snowplows.

15. A print-out from the internet page of the defendant entitled "SnowDogg™ HD/EX Owner's Manual" bearing Identification Number 16992100 RevB demonstrating the defendant's accused product is annexed hereto as Exhibit F.

16. A print-out from the internet page of the defendant entitled "HD/EX Mount Kit 16062150" bearing Identification No. 1602150INST Rev C further demonstrating the defendant's accused product is annexed hereto as Exhibit G.

17. A brochure from defendant entitled "Snow Plows" bearing Identification No. SPLIT07 Rev. A demonstrating the defendant's accused product was first offered for sale in 2007 is annexed hereto as Exhibit H.

18. A print-out from the internet page of the defendant entitled "2008 2009 SnowDogg Snowplows" bearing Identification No. SPLIT0809 Rev. A demonstrating the defendant's accused product was offered for sale in 2008 and 2009 is annexed hereto as Exhibit I.

19. Defendant, Buyers, or those in concert therewith, have shipped accused snowplows, including the "SnowDogg" line of snowplows into the Western District of Wisconsin and elsewhere.

20. Defendant, Buyers, became aware of Douglas' U.S. Patent Nos. 4,999,935; 5,353,530; RE 35,700; 5,420,480 and 6,944,978 either before or during the development of its SnowDogg® line of snowplows, and well before it first offered any model of the

SnowDogg plow for sale.  Despite an objectively high likelihood that defendant's SnowDogg line of snowplows would infringe one or more of Douglas' patents, defendant proceeded to make, use, sell and/or offer to sell the SnowDogg line of snowplows, in reckless or deliberate disregard of Douglas' patent rights.  The high risk of patent infringement was known to defendant and, in any event, should have been known to defendant.  As a result, defendant has willfully infringed and continues to willfully infringe the patents-in-suit.

## COUNT I

  A. Plaintiff hereby incorporates by reference paragraphs 1-19 as fully set forth herein.

  B. Upon information and belief, defendant, Buyers, has been, and is, infringing and/or inducing others to infringe and/or contributing to the infringement of the claims of U.S. Letters Patent No. 4,999,935 by making, using, selling and/or offering for sale in Wisconsin and elsewhere snowplows with features that read on at least one claim of the aforementioned patent, including, without limitation, the "SnowDogg" line of snowplows, and threatens to, and will continue to infringe said Letters Patent, causing plaintiff great and irreparable damage unless enjoined by this Court, said infringement being without consent of plaintiff.

  C. On information and belief, the foregoing acts of infringement were and continue to be willful.

  D. The defendant, by its infringing activity, is causing plaintiff irreparable damage and will continue to do so unless enjoined by this Court.

## COUNT II

A.　　Plaintiff hereby incorporates by reference paragraphs 1-19 as fully set forth herein.

B.　　Upon information and belief, defendant, Buyers, has been, and is, infringing and/or inducing others to infringe and/or contributing to the infringement of the claims of U.S. Letters Patent No. 5,353,530 by making, using, selling and/or offering for sale in Wisconsin and elsewhere snowplows with features that read on at least one claim of the aforementioned patent, including, without limitation, the "SnowDogg" line of snowplows, and threatens to, and will continue to infringe said Letters Patent, causing plaintiff great and irreparable damage unless enjoined by this Court, said infringement being without consent of plaintiff.

C.　　On information and belief, the foregoing acts of infringement were and continue to be willful.

D.　　The defendant, by its infringing activity, is causing plaintiff irreparable damage and will continue to do so unless enjoined by this Court.

## COUNT III

A.　　Plaintiff hereby incorporates by reference paragraphs 1-19 as fully set forth herein.

B.　　Upon information and belief, defendant, Buyers, has been, and is, infringing and/or inducing others to infringe and/or contributing to the infringement of the claims of U.S. Letters Patent No. RE 35,700 by making, using, selling and/or offering for sale in Wisconsin and elsewhere snowplows with features that read on at least one

claim of the aforementioned patent, including, without limitation, the "SnowDogg" line of snowplows, and threatens to, and will continue to infringe said Letters Patent, causing plaintiff great and irreparable damage unless enjoined by this Court, said infringement being without consent of plaintiff.

    C.    On information and belief, the foregoing acts of infringement were and continue to be willful.

    D.    The defendant, by its infringing activity, is causing plaintiff irreparable damage and will continue to do so unless enjoined by this Court.

## COUNT IV

    A.    Plaintiff hereby incorporates by reference paragraphs 1-19 as fully set forth herein.

    B.    Upon information and belief, defendant, Buyers, has been, and is, infringing and/or inducing others to infringe and/or contributing to the infringement of the claims of U.S. Letters Patent No. 5,420,480 by making, using, selling and/or offering for sale in Wisconsin and elsewhere snowplows with features that read on at least one claim of the aforementioned patent, including, without limitation, the "SnowDogg" line of snowplows, and threatens to, and will continue to infringe said Letters Patent, causing plaintiff great and irreparable damage unless enjoined by this Court, said infringement being without consent of plaintiff.

    C.    On information and belief, the foregoing acts of infringement were and continue to be willful.

    D.    The defendant, by its infringing activity, is causing plaintiff irreparable damage and will continue to do so unless enjoined by this Court.

## COUNT V

    A.    Plaintiff hereby incorporates by reference paragraphs 1-19 as fully set forth herein.

    B.    Upon information and belief, defendant, Buyers, has been, and is, infringing and/or inducing others to infringe and/or contributing to the infringement of the claims of U.S. Letters Patent No. 6,944,978 by making, using, selling and/or offering for sale in Wisconsin and elsewhere snowplows with features that read on at least one claim of the aforementioned patent, including, without limitation, the "SnowDogg" line of snowplows, and threatens to, and will continue to infringe said Letters Patent, causing plaintiff great and irreparable damage unless enjoined by this Court, said infringement being without consent of plaintiff.

    C.    On information and belief, the foregoing acts of infringement were and continue to be willful.

    D.    The defendant, by its infringing activity, is causing plaintiff irreparable damage and will continue to do so unless enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff, Douglas Dynamics, LLC, prays for the following relief:

    A    This Court adjudge United States Letters Patent 4,999,935 infringed by defendant.

B.  This Court adjudge United States Letters Patent 5,353,530 infringed by defendant.

C.  This Court adjudge United States Letters Patent RE 35,700 infringed by defendant.

D.  This Court adjudge United States Letters Patent 5,420,480 infringed by defendant.

E.  This Court adjudge United States Letters Patent 6,944,978 infringed by defendant.

F.  That defendant's infringement be adjudged willful.

G.  That defendant, its officers, agents, servants, employees, and attorneys, successors and assigns, and all those in active concert or participation with any of them who receive actual notice of the order by personal service or otherwise, be enjoined during the pendency of this action, and permanently thereafter, from infringing said United States Letters Patent 4,999,935 for the remainder of the term for which said Letters Patent has been granted.

H.  That defendant, its officers, agents, servants, employees, and attorneys, successors and assigns, and all those in active concert or participation with any of them who receive actual notice of the order by personal service or otherwise, be enjoined during the pendency of this action, and permanently thereafter, from infringing said United States Letters Patent 5,353,530 for the remainder of the term for which said Letters Patent has been granted.

I.  That defendant, its officers, agents, servants, employees, and attorneys, successors and assigns, and all those in active concert or participation with any of them who receive actual notice of the order by personal service or otherwise, be enjoined during the pendency of this action, and permanently thereafter, from infringing said United States Letters Patent RE 35,700 for the remainder of the term for which said Letters Patent has been granted.

J.  That defendant, its officers, agents, servants, employees, and attorneys, successors and assigns, and all those in active concert or participation with any of them who receive actual notice of the order by personal service or otherwise, be enjoined during the pendency of this action, and permanently thereafter, from infringing said United States Letters Patent 5,420,480 for the remainder of the term for which said Letters Patent has been granted.

K.  That defendant, its officers, agents, servants, employees, and attorneys, successors and assigns, and all those in active concert or participation with any of them who receive actual notice of the order by personal service or otherwise, be enjoined during the pendency of this action, and permanently thereafter, from infringing said United States Letters Patent 6,944,978 for the remainder of the term for which said Letters Patent has been granted.

L.  That judgment be entered awarding to plaintiff damages together with interest adequate to fully compensate for the infringement of said Letters Patents.

M.   That plaintiff be awarded increased damages as a result of defendant's willful infringement pursuant to 35 U.S.C. § 284.

N.   That an assessment of costs and attorneys' fees for this action be made against the defendant.

O.   That this case be deemed exceptional under 35 U.S.C. § 285.

P.   That plaintiff be granted such other and further relief as the Court may deem just and proper.

Plaintiff hereby requests a trial by JURY.

                        Respectfully submitted,

                        s/ Aaron T. Olejniczak
                        AARON T. OLEJNICZAK (1034997)
                        GEORGE H. SOLVESON (1010395)
                        Andrus, Sceales, Starke & Sawall, LLP
                        100 East Wisconsin Avenue, #1100
                        Milwaukee, WI 53202
                        Telephone: 414-271-7590
                        Facsimile: 414-271-5770
                        E-mail: aarono@andruslaw.com
                        E-mail: georges@andruslaw.com
                        Attorneys for Plaintiff