IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DOUGLAS DYNAMICS, LLC,

          Plaintiff,

    v.

BUYERS PRODUCTS COMPANY,

          Defendant.

ORDER

3:09-cv-00261-wmc

Below is the court's ruling on defendant Buyers Products Company's objections to plaintiff Douglas Dynamic, LLC's deposition narratives (dkt. #456). Plaintiff must revise its deposition narratives in accordance with the court's rulings below -- provided in **bold** -- as well as in a manner consistent with the court's related rulings on motions *in limine*.

ORDER

**JAMES BALA (Docket No. 352)**

Buyers objects to the characterization of testimony citing 22:11-15. Mr. Bala testified that if the dimensions were off, he might make suggestions to Moorman regarding modifications to the dimensions. **Sustained.**

Buyers objects to the characterization of testimony citing 25:11-17. Mr. Bala did not testify he "worked" with Scott Moorman in reaching an understanding of hydraulic

1

schematics. Rather, Mr. Bala testified he "will be working" with Scott Moorman in reaching an understanding of hydraulic schematics. **Sustained.**

Buyers objects to the characterization of testimony citing 26:15-27:7; 29:10-12 in the use of the term "all" in that there is no time limit. Specifically, Mr. Bala testified he has been involved in prototyping the series HD, EX, MD, CM, TE, XP, and VX snowplows. **Sustained.**

Buyers objects to the characterization of testimony citing 61:18-22. The passage should be read explicitly insofar as Douglas' paraphrasing is overly general. **Overruled.**

Buyers objects to the portion of the Bala Deposition Narrative citing 72:3-13 to the extent it relates to conduct during the performance of discovery. (See particularly Bala 72:3-10.) Such conduct is irrelevant, misleading, unfairly prejudicial, and/or likely to confuse the jury. Buyers objects to the Bala Deposition Narrative citing 75:1-21 in that the correction citation should be 75:18-21. **Sustained.**

**MARIAN MANTEL (Docket No. 353)**

Buyers objects to the characterization of testimony citing 28:6-16. The passage is vague in the sense the "assembly" is not identified. **Sustained.**

Buyers objects to the characterization of testimony citing 34:22-35:4 in that use of the term "thus" implies a causal link to which there was no testimony. **Overruled.**

Buyers objects to the characterization of testimony citing 33:5-25. Mantel did not testify that "a piece price is billed to *various products*." Rather, she testified a "piece price is billed to *Buyers Products*." Mantel 33:12-13. **Sustained.**

Buyers objects to the characterization of testimony citing 39:18-20. The cited passage states: "Q Did you give inventory records for particular parts? A No." **Overruled.**

**The court reserves ruling on defendant's remaining objections to plaintiff's Narrative Summary of Marian Mantel.**

Buyers also objects to this portion of the Mantel Deposition Narrative as relating to conduct during the performance of discovery. Such conduct is irrelevant, misleading, unfairly prejudicial, and/or likely to confuse the jury. In addition, on September 30, 2010, the Court ordered Buyers to make Mantel available to demonstrate the capabilities of Buyers' computer system. Douglas' counsel chose to decline attending a demonstration. Douglas, therefore, should not now be permitted to offer deposition testimony regarding conduct during discovery.

Buyers objects to the portion of the Mantel Deposition Narrative citing 41:5-42:21 to the extent it relates to conduct during the performance of discovery. (See particularly Mantel 42:15-21.) Such conduct is irrelevant, misleading, unfairly prejudicial, and/or likely to confuse the jury. In addition, on September 30, 2010, the Court ordered Buyers to make Mantel available to demonstrate the capabilities of Buyers' computer system. Douglas' counsel chose to decline attending a demonstration. Douglas, therefore, should

not now be permitted to offer deposition testimony regarding conduct during discovery.

Buyers objects to the portions of the Mantel Deposition Narrative citing 60:11-17; 71:20-72:15; 73:7-23; and 132:19-134:1 in that they relate to conduct during the performance of discovery. (See, e.g., Mantel 132:19-133:18.) Such conduct is irrelevant, misleading, unfairly prejudicial, and/or likely to confuse the jury. In addition, on September 30, 2010, the Court ordered Buyers to make Mantel available to demonstrate the capabilities of Buyers' computer system. Douglas' counsel chose to decline attending a demonstration. Douglas, therefore, should not now be permitted to offer deposition testimony regarding conduct during discovery.

## IV. DAVID ZELIS (Docket No. 363)

Buyers objects to the characterization of testimony citing 18:12-19:1. Mr. Zelis testified he "believes" less than 500 of Buyers' distributors sell SnowDogg snowplows. He was unsure of the number. (See Zelis 18:25-19:6.) **Sustained.**

## V. THOMAS GRIES (Docket No. 367)

Buyers objects to the characterization of testimony citing 11:14-12:5. Mr. Gries did not testify that Buyers' products were "material" products. Rather, he testified Buyers' products were "mature" products. (Gries 11:23.) **Sustained.**

Buyers objects to the characterization of testimony citing 62:6-25. The word "Gosh"

does not appear in the assumptions as quoted in Gries' deposition testimony. (See Gries 62:7-10.) It, therefore, would be improper to attribute any sentiment intimated by the word "Gosh" to Gries. **Sustained.**

Entered this 8th day of October, 2010.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge