IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
───────────────────────────────────────────────────────────────

DOUGLAS DYNAMICS, LLC,

                Plaintiff,                      OPINION & ORDER

v.

                                        09-cv-261-wmc

BUYERS PRODUCTS COMPANY,

                Defendant.
───────────────────────────────────────────────────────────────

     This case is before the court following remand from an order of the Federal Circuit that (1) reversed this court's grant of summary judgment of non-infringement of patent no. Re. 35,700 ("the '700 patent"); (2) reversed the denial of a permanent injunction against continued infringement of patent no. 6,944,978 ("the '978 patent"); and (3) vacated and remanded the ongoing royalty award for patent no. 5,353,530 ("the '530 patent") and the '978 patent. (Dkt. #573.) To their credit, the parties have since stipulated to the entry of a permanent injunction (dkt. #584). In determining damages for infringement of the '700 patent, they also agree that: defendant Buyers Products Company ("Buyers") should provide updated sales figures covering the period from October 1, 2010 through April 15, 2011 (when the '700 patent expired); both parties' experts should update their expert reports to incorporate these additional sales; and ultimate resolution of damages should be addressed at a jury trial. Finally, the parties agree that any recalculation of royalties for the '530 and '978 patents should be deferred until after resolution of liability and damages on the '700 patent.

     Even so, two issues as to the scope of remand remain in dispute. *First*, Buyers contends that the Federal Circuit set forth a new, unanticipated construction of

independent claim 45 of the '700 patent, and asks to update its invalidity arguments to address that construction. Plaintiff Douglas Dynamics, LLC ("Douglas") opposes any reopening of discovery on this issue and asks this court to decide claim 45's validity on the existing summary judgment submissions. *Second*, Buyers asks this court to limit its decision on remand to claim 45, while Douglas argues that the court should now also determine whether Buyers has infringed dependent claims 47, 48, 49 and 51.

Both parties have now fully briefed these two issues. (*See* dkt. ##580, 582, 585, 588.) After considering their arguments, the court has determined that: (1) Buyers may not expand the scope of its invalidity arguments as to claim 45; and (2) the court will consider infringement and, if necessary, the validity of dependent claims 47, 48, 49 and 51.

OPINION

**I. Validity of Claim 45**

In originally considering independent claim 45 of the '700 Patent, this court granted summary judgment of non-infringement to Buyers, based on what turned out to be an erroneous construction of the term "connected to" as requiring a direct connection. (Opinion & Order (dkt. #332) 45-48.) As a result, it declined to address Buyers' counterclaims of invalidity of independent claim 45 or the infringement or validity of dependent claims 47, 48, 49 and 51, which were dismissed without prejudice. (Opinion & Order (dkt. #445) 16.)

In reversing this court, the Federal Circuit held that "the correct construction of the term 'connected to' in claim 45 is not limited to direct connections." *Douglas Dynamics, LLC v. Buyers Prods. Co.*, 717 F.3d 1336, 1343 (Fed. Cir. 2013). Accordingly, it instructed

this court to enter summary judgment of infringement on claim 45. Therefore, the court must now address the parties' arguments as to the validity of claim 45 and related dependent claims, before determining appropriate damages, if any, for the infringement of the '700 patent.

The parties diverge as to the appropriate way to proceed on this issue. Douglas asks the court to determine the validity of claim 45 based on the parties' existing briefing; Buyers argues that the Federal Circuit, in ruling that the term "connected to" may encompass indirect connections, has adopted a claim construction that neither party previously advocated, and asks for leave to assert additional prior art on remand bearing on that so-called "new" construction.

The court agrees with Douglas that it is more appropriate to decide this matter on the existing briefing. Contrary to Buyers' contention now, Douglas has contended throughout this litigation that "connected to" encompassed both direct and indirect connections. (*See* Pl.'s Resp. to Def.'s Mot. for Claim Construction (dkt. #83) 2 ("[T]he common and ordinary meaning of the word 'connected' is not limited to a direct connection, but may also include connections through intervening structures.")). The Federal Circuit's holding merely adopted this construction. That the phrase "connected to" appears twice in claim 45 is essentially irrelevant, since there is no indication -- even in the portions of Douglas' brief that Buyers cites -- that Douglas ever distinguished between those two phrases in arguing for a construction encompassing indirect connections.

To the extent that Douglas's argument was couched in terms of the connection to the mounting frame, so, too, was the Federal Circuit's decision. *See Douglas Dynamics*, 717 F.3d at 1342 ("The district court erred . . . in construing the term 'connected to' in claim 45 to

3

require a *direct* connection between the A-frame and the mounting frame."). The court, therefore, finds Buyers' contention that this was somehow a "new" construction to be wholly unconvincing and concludes that this matter can and, in fairness to both sides, should be determined on the existing briefing.[1]

## II. Dependent Claims 47, 48, 49 and 51

The parties also dispute whether this court should determine infringement and validity as to dependent claims 47, 48, 49 and 51 on remand. Douglas contends that the Federal Circuit's decision vacates this court's determination of non-infringement by "necessary implication," permitting this court to revisit those issues on remand. Buyers asks the court not to revisit that determination, principally because (1) the non-infringement decision is incorporated within the Federal Circuit's mandate and thus precluded from further adjudication, and (2) Douglas did not argue for remand on this issue on appeal.

Again, the court agrees with Douglas. The court previously found, based on its claim construction, that Buyers' snowplow assemblies could not infringe claim 45. This finding of non-infringement formed the sole basis for the court's decision that its *dependent* claims were also not infringed as a matter of law, since "[a] claim in dependent form shall be construed

---

[1] The court also finds meritless Buyers' assertion that because the Miller prior art coincided with Douglas' proposed construction but not Buyers', it was "inappropriate" to put that reference forth at summary judgment since no claim construction had been issued. Summary judgment is the "'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 901 (7th Cir. 2003) (citation omitted). Buyers certainly knew that claim construction was still an open issue, and given that it was on notice to produce all of its evidence at summary judgment, there is no reason why it should not have argued that claim 45 was invalid even under Douglas' proposed claim construction. Its argument that additional, more focused briefing is appropriate because the previous summary judgment briefs dealt with a wide range of issues fails for the same reason.

4

to incorporate by reference all the limitations of the claim to which it refers." 35 U.S.C. § 112; *see* Opinion & Order (dkt. #332) 48. In reversing this court's finding of non-infringement on claim 45, the Federal Circuit necessarily vacated the finding of non-infringement on its dependent claims as well. It would defy logic to hold that the Federal Circuit *implicitly affirmed* the non-infringement of the dependent claims when the only grounds for doing so would have been the judgment it *explicitly reversed.*

Buyers' other argument of substance for not examining the dependent claims on remand is even more muddled. While Douglas appealed the entire grant of summary judgment, Buyers' apparently contends Douglas *argued* only the "connected to" language of claim 45 on appeal, meaning (according to Buyers) that the Federal Circuit could only have *addressed* claim 45 in its decision. Insofar as this argument is relevant at all, it actually appears to *support* Douglas' point of view. "[A]n appellate mandate governs only that which was actually decided." *Exxon Chem. Patents, Inc. v. Lubrizol Corp.*, 137 F.3d 1475, 1478 (Fed. Cir. 1998). Because the Federal Circuit *decided* neither infringement nor validity as to the dependent claims, this court is not foreclosed from addressing them. *Id.* at 1478.[2]

To the extent that Buyers is contending Douglas *should* have explicitly argued other grounds for the dependent claims' infringement, the court again disagrees. Douglas' dependent claim-specific arguments were not addressed by this court because its ruling on independent claim 45 mooted them. As in *Exxon*, they have "bec[o]me a critical issue in the

---

[2] Buyers seeks to distinguish the *Exxon* case by pointing out that the Federal Circuit explicitly "expressed no view" on the relevant question, while it did not do so here. (Def.'s Resp. (dkt. #588) 5.) While this may be true, an express disclaimer is not necessary. *See Exxon Chem. Patents*, 137 F.3d at 1478 ("*Even without the express disclaimer in the court's opinion*, it would be incorrect to conclude that the court's mandate encompassed an issue that was not presented to the court.") (emphasis added).

case only after [the Federal Circuit's] decision on appeal." *Id.* at 1479. Thus, Douglas could not reasonably have been expected to raise the merits of those mooted arguments in its initial appeal. *Cf. id.* (when doctrine of equivalents issue became moot after claims construction, appellee could not have been expected to defend the judgment on that basis on appeal).

Buyers' remaining arguments are only briefly raised and similarly without merit. First, Buyers argues that it is pure speculation for Douglas to claim that, "had it presented the details of the <u>additional</u> limitations of the dependent claims to the CAFC, the CAFC would have found them to be present in the accused Buyers' devices." (Def.'s Resp. (dkt. #588) 6 (emphasis in original).) This entirely misconstrues Douglas' arguments. Douglas is not arguing that the Federal Circuit necessarily *reversed* the judgment of non-infringement, it argues only that the judgment of non-infringement of these dependent claims based, as it was, solely on an incorrect construction of claim 45 did not withstand the Federal Circuit's reversal of that construction. There is nothing speculative about this argument. Second, Buyers contends that it was unfairly deprived of the chance to argue other grounds for the invalidity of these dependent claims on appeal, but that is precisely what it will be permitted to do, to the extent addressed in its summary judgment briefs, now that infringement of those claims is again at issue.[3] There is no inequity in using the claim construction now set forth by the Federal Circuit to resolve an issue that both parties previously briefed.

---

[3] Specifically, Buyers contends that it "could have argued in support of this court's conclusions as to those claims on grounds other than the 'connected to' limitation." (Def.'s Resp. (dkt. #588) 7.) As this court has already noted, however, it reached no other "conclusions" as to the dependent claims in its initial order, which wholly undermines Buyers' position.

III. Scheduling

Having determined the scope of remand, it remains for the court to set a schedule to put this case back on track for final resolution. Because the court has substantially adopted Douglas' position on the scope of remand, it will also adopt the basic schedule Douglas suggests. In the meantime, the court will revisit the pending summary judgment motions of the parties to decide the remaining, open issues discussed above.

ORDER

IT IS ORDERED that the scope of the remand is set as consistent with the opinion above. The court also adopts the following schedule to complete the issues remaining in this case:

| EVENT | DATE |
|---|---|
| Defendant's Supplemental Production on Damages | Nov. 8, 2013 |
| Plaintiff's Updated Damages Report for the '700 Patent | Jan. 17, 2014 |
| Defendant's Updated Damages Report for the '700 Patent | Jan. 31, 2014 |
| Rule 26(a)(3) disclosures, motions in limine, proposed voir dire, proposed jury instructions, proposed verdict forms due on any issues remaining for trial for the '700 patent | Feb. 14, 2014 |
| Oppositions to disclosures, motions in limine, etc. | Feb. 28, 2014 |
| Final Pretrial Conference | Mar. 26, 2014 at 3:00 p.m. |
| Jury Trial | Mar. 31, 2014 at 9:00 a.m. |

Entered this 4th day of November, 2013.

BY THE COURT:
/s/

_____
WILLIAM M. CONLEY
District Judge