IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
───────────────────────────────────────────────────────────

DOUGLAS DYNAMICS, LLC,

                       Plaintiff,                       OPINION & ORDER

    v.

                                                       09-cv-261-wmc

BUYERS PRODUCTS COMPANY,

                       Defendant.
───────────────────────────────────────────────────────────

      This patent infringement action has a long and contentious history. When this case was first filed in April of 2009, plaintiff Douglas Dynamics initially asserted violations of 47 claims in five different patents. This court subsequently narrowed the scope of these claims at summary judgment, and a jury trial was held on the remaining infringement claims in October 2010. On appeal, the Federal Circuit reversed this court's grant of summary judgment of non-infringement as to independent claim 45 and dependent claims 47, 48, 49 and 51 in U.S. Patent No. RE 35,700 ("the '700 patent"). On remand, the court (1) agreed to take up defendant's challenge to the validity of those claims previously briefed by the parties but mooted by the court's original summary judgment ruling; (2) declined to allow Buyers to file a supplemental brief incorporating additional prior art references; and (3) set a schedule for the remainder of the case, with trial to take place in April of 2014. (*See* dkt. #592.)

      Buyers has since moved this court to reconsider its denial of supplemental briefing (dkt. #595), in part because it filed for *ex parte* re-examination of the '700 patent with the Patent and Trademark Office ("PTO"). On January 17, 2014, the PTO granted that request, finding that two, newly-asserted prior art references -- U.S. Patent No. 5,036,068

to Ciula and U.S. Patent No. 4,369,590 to Mille -- presented "substantial new questions of patentability" with regard to all of the remaining claims of the '700 patent. (*See* Moser Decl. Ex. A (dkt. #606-1) 2.) On January 31, 2014, Buyers then moved to stay this action pending the PTO's reexamination of the '700 patent. (Dkt. #605.) Although the PTO has now indicated it will consider the question of validity (which is essentially the same question confronting this court), it will do so based on prior art never raised in this lawsuit. Since Douglas is entitled to a resolution of this dispute as the parties actually litigated it -- not as Buyers would now litigate it with the benefit of hindsight some five years in -- the court will deny its motions for supplemental briefing and a stay.

OPINION

The Federal Circuit has "consistently recognized the inherent power of the district courts to grant a stay pending reexamination of a patent." *Procter & Gamble Co. v. Kraft Foods Global, Inc.*, 549 F.3d 842, 849 (Fed. Cir. 2008). Generally, this court considers four factors in determining whether a stay of an action is warranted:

> (1) whether the litigation is at an early stage; (2) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (3) whether a stay will simplify the issues in question and streamline the trial; and (4) whether a stay will reduce the burden of litigation on the parties and on the court.

*Grice Engineering, Inc. v. JG Innovations*, 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010).

Douglas argues, and Buyers concedes, that the first factor weighs heavily against entering a stay. This litigation is by no means at an early stage: there has already been a full jury trial, an appeal and a remand with a second jury trial now just two months away. The parties have been preparing for that second trial since this court issued its order on the

scope of remand on November 5, 2013. Though Buyers is correct that in some circumstances, courts will stay litigation pending reexamination even at the eleventh hour, Buyers has known of the prior art cited in its recent reexamination request for years. Moreover, the "broad" construction of the element "connected to" adopted by the Federal Circuit has been asserted by Douglas from early in this litigation. Although the court does not necessarily credit Douglas' argument that Buyers' request for reexamination is a dilatory tactic calculated to prejudice its opponent, the fact remains that Buyers could have raised these prior art references in this court or requested reexamination years ago. The parties, and the court, derive substantially less benefit from staying the proceedings now, after so many resources have already been expended.

Additionally, though Buyers argues that Douglas will not be prejudiced by a stay, the fact remains that reexamination will allow Buyers to challenge the '700 patent on grounds that this court has expressly declined to consider in the present litigation. In electing to determine the '700 patent's validity on the existing briefing, the court noted that Buyers "was on notice to produce all of its evidence at summary judgment" the first time around. (Nov. 5 Opinion & Order (dkt. #589) 4 n.1.) This is still true. To stay this litigation in favor of the PTO -- and a determination that will be premised on the two prior art references Buyers *failed to assert at summary judgment* -- is to give Buyers a way around this court's previous decision.

While Buyers' new position may have resulted not from bad faith, but instead from a change in counsel and a corresponding shift in litigation strategy, it certainly prejudices Douglas to allow Buyers to circumvent the scope of the remand, to say nothing of the resources that Douglas has already expended in pursuit of its claims under the '700 patent

before this court, the Federal Circuit and in preparation for the April retrial of this matter, simply because Buyers has now identified what it apparently believes is stronger prior art. Even if Buyers is correct that this additional prior art will ultimately invalidate the '700 patent, Douglas obviously made capital outlays and strategic decisions based on the prior art Buyers actually identified *in this litigation*, and Buyers must live with the consequences of its litigation choices.

Finally, Buyers' estimates as to how long this case would be stayed do not persuade the court that a stay is appropriate. While Buyers represents that reexamination could be complete in as little as six to eight months, statistics indicate that the average pendency of reexamination is 27.8 months, with a median pendency of 20.1 months. (Moser Decl. Ex. B (dkt. #606-2) 1.) Moreover, as Douglas points out, patent holders are entitled to review by the Patent Trial and Appeal Board (PTAB) and may also seek court review if dissatisfied with the PTAB decision. *See* 35 U.S.C. § 306. This action has already been pending for nearly five years. In the interest of "just, speedy, and inexpensive determination," Fed. R. Civ. P. 1, the court declines to enter a stay that could delay this case's resolution for years more.

For much the same reason, as well as those reasons set forth in its original order on the scope of remand (dkt. #589), the court will deny Buyers' motions for reconsideration and leave to file a supplemental brief on invalidity. Indeed, three of the four factors Buyers identifies in *David v. Caterpillar, Inc.*, 324 F.3d 851 (7th Cir. 2003), are essentially subsumed within the four factors identified by this court in *Grice Engineering*. *Compare Grice Engineering*, 691 F. Supp. 2d at 920, *with David*, 324 F.3d at 857. As discussed above, all of these factors, including prejudice, weigh against Buyers. As for the fourth *David* factor (that

4

of bad faith or willfulness involved in not disclosing the evidence at an earlier date), Buyers avers that its failure to offer certain prior art until now was more an oversight than an act of bad faith or willfulness.  This does not, however, overcome the three other *David* factors, especially when Buyers waited more than five years to offer prior art that was available to it since the outset of this lawsuit.  The only arguable justification the court can find for allowing supplemental briefing at this stage is Buyers' suggestion that section 1 of its supplemental brief may assist the court by "consolidating the arguments still relevant to the claims that remain in the case" and citing to "cases issued subsequent to the previous trial in this matter that impact the [remaining] legal issues." (*See* Def.'s Mot. for Reconsideration (dkt. #595) 2.)  As to the former, while the court appreciates Buyers' concern for the work both sides' summary judgment briefing leaves to the court, it is not unlike many similar cases and certainly does not justify another round of briefing and the attendant delays this may cause for a final resolution of this case.  As to the latter, of the new cases cited, the court could discern only one that post-dates the first trial of this matter, and that case espouses such a basic proposition that it is of no particular importance in deciding the remaining issues in this case.  Accordingly, the court will deny Buyers' motion to supplement its briefing on summary judgment in its entirety.[1]

Buyers' final motion pending before the court seeks leave to file an additional brief on the scienter requirement of indirect infringement and willful infringement.  (*See* dkt. #594).  Buyers now appears to be arguing that its direct infringement liability is limited by the fact that it sells attachments to vehicles, not vehicles themselves.  (*See* Proposed Supp.

---

[1] Buyers also asked to file a reply brief in support of this motion (dkt. #602), which the court will now deny as moot in light of its ruling above.

Br. (dkt. #594-1) 2.) In response, Douglas argues: (1) the motion is untimely, since Buyers did not bring this up as an issue that remained to be addressed back in October; (2) Douglas is no longer pursuing willful infringement; (3) indirect infringement is encompassed by the Federal Circuit's decision; and (4) Buyers is, in any event, wrong on the merits.

The court agrees with Douglas that any additional briefing is unnecessary with respect to willful infringement since that claim is no longer being pursued. More fundamentally, however, the court agrees that the Federal Circuit's decision is now law of this case. As Buyers points out, Douglas did not brief or argue indirect infringement on appeal. (Proposed Supp. Br. (dkt. #594-1) 3.) Nor did Buyers ever argue that "a vehicle having a frame member and a bumper" was a missing limitation for direct infringement purposes. With that limited record before it, and without inquiring into Buyers' state of mind, the Federal Circuit held that "the accused products meet every limitation of claim 45 as properly construed." *Douglas Dynamics, LLC v. Buyers Prods. Co.*, 717 F.3d 1336, 1343 (Fed. Cir. 2013). Thus, the Federal Circuit found *direct infringement of claim 45,* which includes the limitation "a vehicle having a frame member and a bumper." U.S. Patent No. Re. 35,700 (filed Dec. 1, 1995), at 18:44. To find direct infringement, the Federal Circuit necessarily decided that this limitation was met as to Buyers' products. Given this ruling, now law of the case, a finding by this court of *no* direct infringement of the dependent claims on the basis of an ostensibly missing limitation would be wholly inconsistent with the Federal Circuit's finding as to the independent claim.

Furthermore, the court notes that the new Supreme Court case on which Buyers would now rely, *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. ___, 131 S. Ct. 2060 (2011), was decided on May 31, 2011. Nevertheless, Buyers *chose* not to raise this issue,

much less cite that case, in front of the Federal Circuit, even though *Global-Tech* had already issued by the time Buyers filed its notice of appeal (dkt. #564), as well as by the time Buyers petitioned the Federal Circuit for a rehearing in June of 2013 (*see* dkt. #601-2). In neither instance did Buyers bring this case to the Federal Circuit's attention.[2]

In the end, Buyers seems to be doing little more than seeking a way around the Federal Circuit's holding of infringement for the dependent claims, if not the independent claim 45. In light of Buyers' limited arguments to the contrary before the Federal Circuit, this court is in no position to reject its determination that the accused products meet all the limitations of claim 45, even in the context of examining claims that depend from claim 45. Moreover, allowing Buyers to defend its products on this new basis, is unlikely to change the outcome on the merits since, like claim 45, the dependent claims plainly contemplate, indeed require, use of the invention *on* a vehicle. Otherwise, the plow apparatus is nothing but a heavy, expensive and ungainly law decoration.

As a final housekeeping matter, the court notes that motions in limine and other pretrial disclosures are currently due this Friday, February 14, 2014. In the interest of narrowing the scope of the remaining issues the parties must consider, the court will strike that deadline and instead require motions in limine and other pretrial disclosures to be filed by Friday, March 14, 2014, with responses due on Friday, March 28, 2014. The court will endeavor to resolve the pending summary judgment in advance of the 14th. The other deadlines in this case remain in place, including the final pretrial conference to be held on April 3, 2014, and the trial date of April 14, 2014.

---

[2] To the extent Buyers did not believe it needed to do so, since Douglas argued only direct infringement on appeal, that was the result of Buyers' *own* decision to argue nothing more than the "connected to" limitation on appeal as a basis for non-infringement of claim 45.

ORDER

IT IS ORDERED that:

1) Defendant Buyers Products Company's Motions for Reconsideration and For Leave to File Supplemental Brief Regarding Invalidity (dkts. ##594, 595) are DENIED;

2) Defendant's Motion to Stay Pending Reexamination (dkt. #605) is DENIED;

3) Defendant's Motion for Leave to File a Supplemental Briefs (dkt. #602) is DENIED AS MOOT; and

4) Motions in Limine are now due on Friday, March 14, 2014, with responses due Friday, March 28, 2014; while all other dates remain the same.

Entered this 13th day of February, 2013.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge