IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DOUGLAS DYNAMICS, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>BUYERS PRODUCTS COMPANY,<br><br>Defendant. | CIVIL ACTION NO.: 3:09-CV-00261<br>JUDGE CONLEY |

**DEFENDANT BUYERS' MOTION IN LIMINE #16
RE EXCLUSION OF NON-EXPERT DAMAGES OPINIONS**

Defendant Buyers Products Company ("Buyers") respectfully submits this motion requesting exclusion of inappropriate argument, testimony, and other evidence regarding the opinions of Douglas' fact witnesses regarding damages under Federal Rules of Evidence 401, 402, 403, 701, 702, and Federal Rule of Civil Procedure 26 and 37(c)(1).

**1. Anticipated Improper Opinion Testimony by Mr. Watson, Chief Engineer**

During the previous trial, Douglas' Chief Engineer testified at length regarding Douglas' alleged lost profits "for every plow sold by Buyers," including for parts and accessories not covered by Douglas' patents-in-suit. ECF 516, Trial Transcript v. 3-B at 57:17-60:2. If Mr. Watson were to testify concerning specific lost sales about which he was aware because of his position with Buyers that would be one thing. But <u>Douglas does not have any evidence of actual lost sales</u>. What Douglas does, instead, is attempt to submit speculative expert opinion testimony in the guise of lay opinion testimony – which is not acceptable. Moreover, Mr. Watson's opinions attempt to recapture the value of lost parts and accessories sales not pursued by Douglas

1

in this litigation, and inflate the numbers before the jury in order to justify the large damages numbers being demanded by Douglas.

Mr. Watson was identified as a witness regarding alleged damages to Douglas, but his background is as Chief Engineer and inventor, working on design, development, safety, and intellectual property. ECF 511, Trial Transcript v. 1-P at 26:15-18. During trial, Mr. Watson testified:



ECF 516, Trial Transcript v. 3-B at 57:17-58:3.

Even though Douglas abandoned any claim for damages related to lost sales of follow-on parts and accessories, Mr. Watson applied the same speculative principles to Douglas' products and accessories:



2



ECF 516, Trial Transcript v. 3-B at 59:5-60:2. Mr. Watson never provides a foundation for his speculation regarding Douglas' alleged lost sales. Perhaps recognizing the speculative nature of its claim for lost parts and accessory sales, Douglas expressly decided not to pursue those damages in this litigation. *See* Exhibit B, Aug. 25, 2010 Bero Report at 47; Exhibit D, Douglas Response to Interrogatory No. 6.

### 2. Mr. Watson's Lay Opinion Testimony Is Inadmissible

Mr. Watson, Douglas' Chief Engineer, is not a sales person. He is an engineer and his day-to-day responsibilities include working on design, development, safety, and intellectual property. ECF 511, Trial Transcript v. 1-P at 26:15-18. Any lay opinion testimony he might give must be limited to those matters.

The Seventh Circuit has explained:

> In the realm of lost profits, lay opinion testimony is allowed in limited circumstances where the witness bases his opinion on particularized knowledge he possesses due to his position within the company. Id. For example, the owner of an established business with a documented history of profits may testify to his expectation of continued or expanded profits when that opinion is based on his "knowledge and participation in the day-to-day affairs of [his] business." Id. (quoting Lightning Lube, Inc. v. Witco Corp., 4 F.3d 1153 (3d Cir.1993)). This is allowed "only because that testimony is tied to [the witness'] personal knowledge...." *Compania Administradora de Recuperacion de Activos Administradora de Fondos de Inversion Sociedad Anonima v. Titan Int'l, Inc.*, 533 F.3d 555, 560 (7th Cir.2008).

*Von der Ruhr v. Immtech Intern., Inc.*, 570 F. 3d 858, 862-63 (7th Cir. 2009) (excluding company witness lay opinion testimony on lost profits that required speculation about the relevant market).

Mr. Watson's testimony reaches beyond his familiarity with the design and development of Douglas' products and attempts to opine regarding what Buyers' purchasers and the general market would have done absent Buyers' infringing snowplows , *i.e.*, purchased more Douglas plows and parts.

A lost profits analysis in patent cases is complicated and "requires sound economic proof of the nature of the market and likely outcomes with infringement factored out of the economic picture." *Grain Processing Corp. v. Am. Maize-Prods. Co*., 185 F.3d 1341, 1350 (Fed.Cir.1999). It is particularly unsuited for off the cuff lay opinions like those offered in the prior trial by Mr. Watson. Federal Rule of Evidence 701, which governs lay opinion testimony, provides that such testimony must not be "based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Here, Mr. Watson's lay opinions regarding lost profits are necessarily based on "specialized knowledge" and thus are not suitable lay opinion topics.

Douglas is attempting to "proffer an expert in lay witness clothing" without complying with the disclosure requirements of Fed. R.Civ. P. 26(b). See Fed. R. Evid. 701, Advisory Committee Notes, 2000 Amendments. Douglas' actual expert, Mr. Bero, disclosed in his report that Douglas is not seeking damages for follow-on parts and accessories that would normally be sold with or after sale of a snow plow assembly. If Douglas' expert does not believe there is sufficient evidence for this type of damages, Douglas cannot attempt to get the same opinion in through the "lay witness" back door.

Moreover, the testimony will confuse the jury, which is not aware that Douglas has chosen not to pursue damages for follow-on parts and accessories. As a result, the jury may feel the need to compensate Douglas for damages to which its own expert was not willing to opine it was entitled.

Mr. Watson was not disclosed as an expert by Douglas pursuant to Federal Rule of Civil Procedure 26, and cannot be relied upon as such. Douglas' attempt to use its employees (or any other fact witness) to opine about damages without disclosing them as experts under Rule 26 is precisely what Rule 701 is meant to prohibit. See Fed. R. Evid. 701, Advisory Committee Notes, 2000 Amendments ("Rule 701 has been amended to eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing . . . By channeling testimony that is actually expert testimony to Rule 702, the amendment also ensures that a party will not evade the expert witness disclosure requirements set forth in Fed. R. Civ. P. 26 . . ..by simply calling an expert witness in the guise of a layperson.") (internal citations omitted).

For these reasons, Douglas should be prohibited from offering or relying upon opinion testimony based on scientific, technical, or other specialized knowledge by any person not disclosed under Fed. R.Civ. P. 26(b)(2).

Dated: March 14, 2014

Respectfully submitted,

   /s/ Christina J. Moser
Thomas H. Shunk
Email: tshunk@bakerlaw.com
Christina J. Moser
Email: cmoser@bakerlaw.com
BAKER & HOSTETLER LLP
1900 East 9th Street, Suite 3200
Cleveland, OH 44114-3482
Telephone:216.621.0200
Facsimile: 216.696.0740

Todd R. Tucker
Email: ttucker@calfee.com
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland OH 44114-1607

Telephone: 216-622-8231
Facsimile: 216-241-0816

Andrew J. Clarkowski
Email: aclarkowski@axley.com
AXLEY BRYNELSON, LLP
Suite 200, 2 East Mifflin Street (53703)
Post Office Box 1767
Madison, WI 53701-1767
Telephone: 608-257-5661
Facsimile: 608-257-5444
Attorneys for Defendant
BUYERS PRODUCTS COMPANY