IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DOUGLAS DYNAMICS, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>BUYERS PRODUCTS COMPANY,<br><br>Defendant. | CIVIL ACTION NO.: 3:09-CV-00261<br>JUDGE CONLEY |

**DEFENDANT BUYERS' MOTION IN LIMINE #21
RE EXCLUSION OF UNDISCLOSED DIRECT INFRINGEMENT DAMAGES
THEORIES**

Defendant Buyers Products Company ("Buyers") respectfully submits this motion requesting exclusion of untimely argument, testimony, opinions, and other evidence regarding theories of damages for direct infringement not previously disclosed by defendant, Douglas Dynamics, LLC ("Douglas") or by Douglas' damages expert, Mr. Richard F. Bero, under Federal Rule of Civil Procedure 26 and 37(c)(1).

As the Court is aware, it is the *users* of Buyers' snow plows that are accused of directly infringing claims 45, 47, 48, 49, and 51 of the '700 Patent, while Buyers has been accused of inducing and contributing to that infringement. Mr. Bero's and Douglas' damage calculation has to date rested on attributing a damage value to that direct infringement by Buyers' customers. Bero and Douglas have never attempted to identify acts of Buyers that themselves would be acts of direct infringement and to attribute a damage value to direct infringement by Buyers itself. Bero and Douglas should be prohibited from attempting, at the last minute, to offer argument,

1

evidence or testimony about any such direct infringement by Buyers, as the time for revision of contentions and expert reports has passed.

1. **Background**

The patent infringement statute – 35 U.S.C. § 271 – provides for two varieties of infringement – "direct" infringement (subsection a) and "indirect" infringement (subsections b and c). A direct infringer must make, use, sell or offer to sell a device that includes each and every limitation of the claim in question. *TIP Sys., LLC v. Phillips & Brooks/Gladwin, Inc.*, 529 F.3d 1364, 1377 (Fed. Cir. 2008) (describing the "all elements rule") Under subsections (b) or (c), however, a defendant may be liable for infringement even if the device it supplies does not include each limitation, if it "induces" or "contributes to" the infringement of another. This type of so-called "indirect" infringement, however, requires an additional showing of the mental state of the defendant. *See Global-Tech Appliances, Inc. v. SEB SA,* 563 U.S. ___, 131 S. Ct. 2060, 2068 (2011) (establishing "willful blindness" test for *mens rea* prong of indirect infringement); *Commil USA, LLC v. Cisco Systems, Inc.*, 720 F. 3d 1361, 1366 (Fed. Cir. 2013) ("willful blindness" test applies to knowledge of the direct infringement).

This issue arises in the present case because the remaining claims at issue all require, as one limitation, a "vehicle" to which the snow plow is attached, a point acknowledged repeatedly by Douglas in its various papers. If Buyers sells its plow to customer A who puts it on a vehicle, customer A is the alleged direct infringer and Buyers is the alleged indirect infringer. Douglas and its expert Mr. Bero have not taken account of this distinction, however, in their damage analysis.

It is not clear to Buyers from the Court's Order of February 13, 2014 (ECF #609) or its Order of March 13, 2014 (ECF #611), whether the Court will require Douglas to provide proof at

trial of the *mens rea* necessary to obtain damages for indirect infringement. Even though the Federal Circuit has found that when Buyers' plows are used on a customer's truck, the plow and truck together have all the limitations present in Claim 45 of the '700 patent, it is Buyers' position that Douglas nevertheless must establish the necessary *mens rea* of Buyers regarding the '700 Patent that is required as proof for indirect infringement because: (1) this Court's original order granting summary judgment never addressed the *mens rea* for indirect infringement of the '700 Patent; (2) Douglas' appeal briefs never addressed indirect infringement of the '700 Patent, let alone the *mens rea* requirement; (3) Buyers had no obligation to raise the failure of *Douglas'* proof of *mens rea* during the appeal; and (4) the Federal Circuit never addressed indirect infringement or the *mens rea* requirement. Further, as discussed more fully by Buyers in its Supplemental Brief Regarding Indirect Infringement (ECF 594 & ECF 604), Douglas cannot meet the proof requirements for establishing *mens rea* to infringe as a matter of law. *See Global-Tech*, 131 S. Ct. at 2068; *Commil*, 720 F. 3d at 1366; *also Celsis In Vitro, Inc. v. Cellzdirect, Inc.*, 2014 WL 561815 *3 (N.D. Ill., Feb. 13, 2014) (relying on dissent in Federal Circuit opinion as conclusive proof of reasonableness of defense for purpose of obviating willfulness).

A decision by this Court dismissing Douglas' claim for indirect infringement would, in no way, impinge upon or run counter to the Federal Circuit's 2012 decision finding that the Buyers' snowplows meet each claim limitation of Claim 45 of the '700 Patent. It would simply limit Douglas' damages calculation to whatever damages it can show it suffered from acts of direct infringement by Buyers that it can identify and prove.

Regardless of this Court's decision with respect to indirect infringement, it is clear that the <u>only</u> damages theories disclosed by Douglas in this litigation are directed to damages for <u>indirect</u> infringement. Therefore, to the extent Douglas attempts to resuscitate its damages claim

3

at trial and present evidence related to damages for Buyers' alleged <u>direct</u> infringement, it is too late. It should not be permitted to do so.

**2. Douglas' Damages Theories Are Limited To Indirect Infringement**

Fundamental to the concept of patent infringement is the precept that <u>people</u> infringe patents – not products. *See* 35 U.S.C. § 271 (setting out the different acts that constitute infringement of a United States patent). Thus, Buyers' products infringe only when some act by a <u>person</u> falls within the scope of Section 271. Douglas is entitled only to damages from Buyers for acts <u>by Buyers</u> that fall within the scope of Section 271.

In discovery, Douglas and Mr. Bero limited their damages analyses to "infringing sales" by Buyers of the accused snowplow, *i.e.* sales that fall within Section 271(b) or (c). *See* Exhibit A, Jan. 17, 2014 Second Supplemental Bero Report; Exhibit B, Aug. 25, 2010 Bero Report; Exhibit D, Douglas Response to Interrogatory 6.[1] As summarized by Mr. Bero in his Second Supplemental Report, dated January 17, 2014:



Exhibit A, Second Sup. Bero Report at 4 and 5 (emphasis added). Buyers' sales of snowplows infringe only if Buyers is proven to have committed indirect infringement.

---

[1] The Exhibits to this Motion are attached to the Declaration of Christina J. Moser, Esq., submitted concurrently herewith.

Neither Douglas nor Mr. Bero ever disclosed any theories or opined as to how Douglas should be compensated for any direct infringement by Buyers, *i.e.*, the making and use by Buyers of the accused combination (Buyers snowplows mounted to a vehicle).

To be clear, Buyers is not challenging the Federal Circuit's determination that the combination of the Buyers plow mounted on a vehicle meets every limitation of Claim 45. However, the Federal Circuit <u>made no determination</u> regarding the scope of Buyers' infringement nor the damages attributable to that infringement. Moreover, any acts of direct infringement by Buyers, or even acts of direct infringement by Buyers' customers, do not support the damages requested by Douglas through its damages expert, Mr. Bero. Mr. Bero's and Douglas' damages theory is limited to "infringing sales," which require a finding that Buyers had the appropriate *mens rea* to indirectly infringe the '700 Patent, <u>a finding that no court has made yet</u>.

**3. Douglas' Available Damages Are Tied To The Scope Of The Infringement**

Courts must limit available damages where the patent owner fails to establish more than direct infringement. In *Embrex, Inc. v. Service Eng'g Corp.*, 216 F.3d 1343, 1350 (Fed. Cir. 2000), the Federal Circuit vacated a damages award based on lost profits for indirect infringement where the patentee had established only direct infringement by the defendant during internal testing. Then-Circuit Judge Rader, in a concurring opinion regarding the so-called "experimental use exception," remarked "Although not influencing the finding of infringement itself, the amount, quantum, or economic effect of wrongful conduct is central to the damages assessment." *Id.* at 1353. Thus, a finding of direct infringement by the Federal Circuit does not, by itself, entitle Douglas to a broader scope of damages than what it can prove.

5

Similarly, in *Mirror Worlds, LLC v. Apple, Inc*., 784 F. Supp. 2d 703, 724-25 (E.D. Tex. 2011), *aff'd*., 692 F. 3d 1351 (Fed. Cir. 2012), Apple was found liable solely for direct infringement by performing the patented method itself. The patentee presented a damages theory predicated on Apple's sales – for which Apple had been found not liable of direct or indirect infringement. Later, the court granted judgment notwithstanding the verdict because "Apple's sales or offers for sale do not infringe the asserted method patents, they cannot be the basis for damages." *Id.* at 725.

More recently, in *Interwoven, Inc. v. Vertical Computer Systems*, 2014 WL 490996 (N.D. Cal. Feb. 4, 2014), the court, after granting summary judgment of no indirect infringement, granted summary judgment of no lost profits. *Id.* at *5. Noting that the patentee's expert "provides no causal connection between any alleged lost profits to [the patentee] and [the infringer's] own use of the asserted method or system claims" the court held that "[t]he bare assertion by [the patentee] that the company's sale process – including product demonstrations that [patentee's technical expert] opines must be infringing – leads to eventual sales simply does not provide a reasonable, non-speculative basis upon which to calculate an award of lost profits." *Id.* Similarly, here, a finding that Buyers directly infringed the '700 Patent cannot by itself, as a matter of law, support an award of lost profits for sales not shown to infringe.

The Federal Circuit's determination that the accused Buyers product meets the limitations of claim 45 when mounted on a customer's vehicle does not absolve Douglas from its obligation to prove the extent of the infringement and how its damages arise from that infringement.

**4. The Federal Circuit Decision Does Not Support Damages for Indirect Infringement**

This Court's decision on summary judgment never addressed the knowledge requirement for indirect infringement of claim 45 or the asserted dependent claims. Rather, the Court's

6

decision was based solely on the failure of the Buyers mounted snowplows to meet the limitations of claim 45. *Douglas Dynamics, LLC v. Buyers Products Co.*, 747 F. Supp. 2d 1063, 1093 (W.D. Wisc. 2010).

Issues not determined by a lower court cannot be encompassed within an appellate mandate when those issues are neither addressed by the parties nor the court on appeal. The Federal Circuit has explained:

> It is incorrect to conclude that we decided issues not only undecided on the merits by the trial court because they were moot, and thus on appeal unripe, but also neither presented to us nor discussed in our opinion, nor necessary to our disposition of the appeal.

*Laitram Corp. v. NEC Corp.*, 115 F. 3d 947, 952 (Fed. Cir. 1997); *see also Smith & Nephew v. Arthrex, Inc.*, 502 Fed.Appx. 945, 948, 2013 WL 163823 *3 (Fed. Cir. 2013) (non-precedential), citing *Liquid Dynamics Corp. v. Vaughan Co.*, 449 F.3d 1209, 1220 (Fed. Cir. 2006) ("Issues not decided by the court in a prior proceeding are not covered by the law-of-the-case doctrine.") and *Exxon Chem. Patents, Inc. v. The Lubrizol Corp.*, 137 F.3d 1475, 1484 (Fed. Cir. 1998) (mandate does not encompass an issue that was not presented to the court).

As appellee, Buyers was not required to raise all possible alternative grounds for affirmance in order to avoid waiving any of those grounds. *See id.*; *Door Sys, Inc. v. Pro-Line Door Sys., Inc.*, 83 F.3d 169, 174 (7th Cir. 1996) ("An appellee is not required to advance every possible ground for affirmance."). *Laitram*, 115 F.3d at 954 ("The issue here, however, is not what NEC could supposedly have argued, but rather what it was required to argue, or indeed could properly have argued."). As this Court's original opinion did not address the *mens rea* requirement with respect to the '700 Patent, the issue was never part of Douglas' appeal. Moreover, Douglas' failure to meet the *mens rea* requirement is not an affirmative defense that

7

can be "waived" by Buyers. It is an element of Douglas' case that Douglas is tasked with establishing.

The Federal Circuit decision found only that "the accused products meet every limitation of claim 45 as properly construed," with no finding regarding Buyers' intent. *Douglas v. Buyers*, 717 F.3d 1336, 1343 (Fed. Cir. 2013). Unlike the strict liability tort of direct infringement, indirect infringement requires proof of intent or knowledge. *See Akamai Techs., Inc. v. Limelight Networks, Inc.*, 692 F.3d 1301, 1308 (Fed. Cir. 2012); *Fujitsu Ltd v. Netgear, Inc.*, 620 F.3d 1321, 1330 (Fed. Cir. 2010) ("Our case law is clear that Philips must show that Netgear 'knew that the combination for which its components were especially made was both patented and infringing.'"), *quoting Golden Blount, Inc. v. Robert H. Peterson Co.*, 365 F.3d 1054, 1061 (Fed. Cir. 2004).

Thus, the Federal Circuit opinion is sufficient for entry of judgment of direct infringement, but it does not suffice for an award of damages for indirect infringement.

**5. Douglas Cannot Supplement Its Case to Add New Damages Theories**

Douglas has never advanced a theory under which it might recover damages for direct infringement. Douglas' response to Interrogatory No. 6, requiring Douglas to identify its damages theories, simply incorporated the anticipated opinion of its damages expert:

> INTERROGATORY NO. 6
>
> Please state with particularity all damages Douglas contends it has suffered as a result of the alleged infringement by Buyers, including the type of damages, the amount of each type of damages, a description of the methods used to calculate the damages alleged in response to this interrogatory, and all facts that support the amount of damages listed in response to this interrogatory.
>
> RESPONSE
>
> [redacted]

8

[REDACTED]

Exhibit D, Douglas Responses to Interrogatories. Mr. Bero's expert reports disclosed no theory under which Douglas could claim damages for Buyers' direct infringement of the '700 Patent. The sole basis for damages is Buyers' "infringing sales." *See* Exhibit A, Second Sup. Bero Report at 4 and 5.

Under Federal Rule of Civil Procedure Rule 26(a), expert reports must be "detailed and complete." Fed.R.Civ.P. 26 Advisory Committee's note; *see also Salgado v. General Motors Corp.*, 150 F.3d 735, 742 n.6 (7th Cir. 1998) (outlining requirements for expert report). Moreover, under Federal Rule of Civil Procedure 26(e), parties are under a continuing obligation to timely supplement expert disclosures and discovery responses. Fed. R.Civ. P. 26(e). Federal Rule of Civil Procedure 37(c)(1) forbids use of improperly disclosed information at trial "unless the failure was substantially justified or is harmless." Fed.R.Civ.P. 37(c)(1); *see also Salgado v. General Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1998) (excluding expert; "[T]he sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless."); *Zenith Elecs. Corp. v. WH-TV Broad., Corp.*, 395 F.3d 416, 420 (7th Cir.2005) (excluding damages theory and evidence; "The district judge banned evidence on that subject after WH-TV failed to respond to Zenith's contentions interrogatory with a description of its damages theory and the proof to be employed.... His decision was not an abuse of discretion.").

35 U.S.C. § 284 complicates matters somewhat, as it requires that the Court award Douglas "no less than a reasonable royalty" for Buyers' direct infringement. However, under appropriate circumstances, where a party fails to adduce evidence to support any royalty, a "reasonable royalty" may be zero. *See Lindemann Maschinenfabrik v. American Hoist &*

*Derrick Co.*, 895 F. 2d 1403, 1407 (Fed. Cir. 1990), citing, with approval, *Devex Corp. v. General Motors Corp.*, 667 F.2d 347, 363, 212 USPQ 643, 657 (3rd Cir.1981) (affirming award of zero damages for lack of evidence; "The statute [35 U.S.C. § 284] requires the award of a reasonable royalty, but to argue that this requirement exists even in the absence of any evidence from which a court may derive a reasonable royalty goes beyond the possible meaning of the statute.").

Douglas fought to prohibit Buyers from supplementing contentions and expert reports following remand when its own damages disclosures were in dire need of updating. Douglas must now live with the consequences.

## 6. Conclusion

For these reasons, Douglas should be prohibited from offering or relying upon any argument, testimony, theory, or evidence regarding damages for Buyers' direct infringement.

Dated: March 14, 2014

Respectfully submitted,

 /s/ Christina J. Moser
Thomas H. Shunk
Email: tshunk@bakerlaw.com
Christina J. Moser
Email: cmoser@bakerlaw.com
BAKER & HOSTETLER LLP
1900 East 9th Street, Suite 3200
Cleveland, OH 44114-3482
Telephone:216.621.0200
Facsimile: 216.696.0740

Todd R. Tucker
Email: ttucker@calfee.com
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland OH 44114-1607
Telephone: 216-622-8231
Facsimile: 216-241-0816

Andrew J. Clarkowski
Email: aclarkowski@axley.com
AXLEY BRYNELSON, LLP
Suite 200, 2 East Mifflin Street (53703)
Post Office Box 1767
Madison, WI 53701-1767
Telephone: 608-257-5661
Facsimile: 608-257-5444
Attorneys for Defendant
BUYERS PRODUCTS COMPANY